# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TYRONE PETTIES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WENDY DYBAS, R.N.,<br><br>　　　　　Defendant. | Case Number 1:16-cv-7929<br><br>Judge Robert M. Dow, Jr. |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS**

　　　　　NOW COMES Plaintiff Tyrone Petties, by an through his appointed counsel Seyfarth Shaw LLP, and pursuant to Fed. R. Civ. P. 26(a)(3), makes the following objections to Defendant's proposed trial exhibits:

| Ex. # | DATE | Document Description | Objections | Defendant's Response |
|---|---|---|---|---|
| DX 1 | 2/28/14 | IDOC Offender Disciplinary Report | Plaintiff does not object to this exhibit, subject to the Court's ruling on the parties' motions *in limine* and subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |

| | | | | |
|---|---|---|---|---|
| DX 2 | 3/4/14 | IDOC Offender's Grievance | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 3 | 3/11/14 | IDOC Adjustment Committee Final Summary Report | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 4 | 12/12/14 | IDOC Offender Disciplinary Report | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and | |

| | | | | |
|---|---|---|---|---|
| | | | Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 5 | 12/22/14 | IDOC Adjustment Committee Final Summary Report | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 6 | 1/2/15 | IDOC Offender's Grievance | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of | |

| | | | admissibility, and were kept in the regular course of business. | |
|---|---|---|---|---|
| DX 7 | 5/21/16 | IDOC Offender Disciplinary Report | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 8 | 6/8/16 | IDOC Offender's Grievance | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 9 | 3/1/17 | IDOC Disciplinary Tracking Inmate | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained within Plaintiff's Illinois | |

| | | | | |
|---|---|---|---|---|
| | | Disciplinary Card | Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. | |
| DX 10 | 10/20/15 and 11/20/15 | IDOC Cumulative Counseling Summary | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |
| DX 11 | 12/8/14 | IDOC Offender's Grievance | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |
| DX 12 | 1/1/15 | IDOC Offender's Grievance | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: | |

| | | | | |
|---|---|---|---|---|
| | | | (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |
| DX 13 | 1/5/15 | IDOC Offender's Grievance | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |
| DX 14 | 3/3/15 | IDOC Offender's Grievance | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |
| DX 15 | 8/28/15 | IDOC Offender's Grievance | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |

| Ex. # | DATE | Document Description | Objections | Defendant's Response |
|---|---|---|---|---|
| DX 16 | 6/9/16 | IDOC Offender's Grievance | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time: Plaintiff's grievances unrelated to: (1) be being accused of sexual misconduct in retaliation for filing his 2012 lawsuit; and (2) the conditions of segregation have no relevance to this case. | |
| DX 17 | 11/2/13 & 11/4/13 | IDOC Offender Outpatient Progress Note | FRE 402/403 – Relevance, misleading, unfair prejudice, confusing the issues wasting time. Plaintiff's medical records concerning his need to use medical cream for a rash in his groin area go directly to whether he was engaging in sexual misconduct as accused or actually applying proscribed medical cream for a legitimate medical need on December 12, 2014. These records are unrelated to Plaintiff's medical complaints and prescriptions related to a rash in his groin area or Plaintiff's damages and have no relevance to this case. | |

### A. Documents Defendant May Offer at Trial Should the Need Arise

| Ex. # | DATE | Document Description | Objections | Defendant's Response |
|---|---|---|---|---|
| DX 18 | 6/29/14- 5/15/15 | IDOC Offender Outpatient Progress Note | Plaintiff does not object to this exhibit subject to the parties' mutual stipulation that records contained | |

|  |  |  | within Plaintiff's Illinois Department of Corrections medical file, inmate master file, and Administrative Review Board file that were disclosed as trial exhibits in the parties' Rule 26(a)(3) Pretrial Disclosures are authentic, meets the foundational requirements of admissibility, and were kept in the regular course of business. |  |
|---|---|---|---|---|

DATED: July 7, 2020

Respectfully submitted,

TYRONE PETTIES

By: */s/ Christina Jaremus*
    One of His Attorneys

Richard Lapp
rlapp@seyfarth.com
Christina Jaremus
cjaremus@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      Christina Jaremus, an attorney, hereby certifies that she caused Plaintiff's Objections to Defendant's Trial Exhibit List in the above-captioned matter filed via the Court's CM/ECF notification system on July 7, 2020 and to be served on the party of record listed below via email:

Matthew H. Weller
Joseph Jack Lombardo
Cassiday Schade LLP
20 North Wacker Drive, Suite 1000
Chicago, Illinois 60606

                                                  */s/Christina Jaremus*

64688197v.1